OPINION
{¶ 1} Appellants Theodore and Carmella Mitchell appeal the decisions rendered by the Delaware Municipal Court that entered judgment against them on two loans and a personal credit line agreement. The following facts give rise to this appeal.[1]
 {¶ 2} On April 4, 2003, in Case No. 04-17, Appellee Huntington National Bank ("Huntington") commenced this action, for default, on a promissory note. The amount due and owing under the note is the principal sum of $2,257.68 plus interest. Appellants filed a response on June 6, 2003. However, their response was not in the form of an answer. Thereafter, Huntington filed a motion for default judgment on August 21, 2003.
 {¶ 3} On January 23, 2004, the trial court conducted a trial in this matter and concluded that appellants had presented a fraudulent check, reversed the payment previously credited to appellants, and entered judgment, in favor of Huntington, in the amount of $2,257.68 plus interest.
 {¶ 4} On April 24, 2003, in Case No. 04-24, Huntington commenced an action, for default, on a personal credit line agreement. The amount due and owing, under the agreement, is the principal sum of $47,620.75 plus interest. Appellants failed to file an answer. On July 30, 2003, Huntington filed a motion for default judgment. Thereafter, appellants filed a motion to dismiss and motion for summary judgment. On March 4, 2004, the trial court granted Huntington's motion for default judgment and denied appellants' motion to dismiss and motion for summary judgment.
 {¶ 5} On April 28, 2003, in Case No. 04-25, Huntington commenced an action, for default, on a promissory note. The amount due and owing, under the note, is the principal sum of $41,452.35 plus interest. Appellants failed to file an answer. On August 18, 2003, Huntington filed a motion for default judgment. Subsequently, appellants filed a motion to dismiss and motion for summary judgment. On March 4, 2004, the trial court granted Huntington's motion for default judgment and denied appellants' motion to dismiss and motion for summary judgment.
 {¶ 6} Appellants timely appealed the above three cases. Appellants did not set forth any assignments of error, in their briefs, as required by App.R. 16(A)(3).
 {¶ 7} We will not address the arguments contained in Case No. 04-17 as appellants failed to request a transcript pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 8} Because appellants have failed to provide this Court with those portions of the transcript necessary for resolution of their arguments, (i.e. transcript of the trial conducted on January 23, 2004) we must presume the regularity of the proceedings below and affirm pursuant to the directive set forth in Knapp.
 {¶ 9} In Case Nos. 04-24 and 04-25, the trial court granted default judgment pursuant to Civ.R. 55(A). This rule provides, in pertinent part:
 {¶ 10} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"
 {¶ 11} We review a trial court's decision concerning a default judgment under an abuse of discretion standard. Hufferv. Cicero (1995), 107 Ohio App.3d 65, 74. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} In reviewing Case No. 04-24, we conclude the trial court did not abuse its discretion when it granted Huntington's motion for default judgment. The record establishes Appellant Carmella Mitchell was served with a copy of the complaint, by regular mail, on June 10, 2003. Appellant Theodore Mitchell was served with a copy of the complaint, by regular mail, on June 23, 2003. Appellants filed a document with the trial court, on July 9, 2003, which was not an answer to Huntington's complaint. Thereafter, Huntington filed a motion for default judgment on July 30, 2003.
 {¶ 13} Appellants filed a motion to dismiss, on September 12, 2003, after the deadline for filing an answer had passed. The record also indicates appellants received notice of the default judgment when Huntington mailed a copy of the motion, to appellants, on July 29, 2003. Further, the trial court did not conduct the hearing on the motion for default judgment until September 15, 2003. Accordingly, the trial court properly granted default judgment in Case No. 04-24.
 {¶ 14} Likewise, in Case No. 04-25, Appellant Carmella Mitchell was served with a copy of the complaint, by regular mail, on June 10, 2003. Appellant Theodore Mitchell was served with a copy of the complaint, by regular mail, on June 23, 2003. On June 23, 2003, appellants filed a document, with the trial court, which was not an answer. Huntington filed a motion for default judgment on August 18, 2003. Thereafter, appellants filed a motion to dismiss, on September 12, 2003, after the deadline for filing an answer had passed.
 {¶ 15} The record indicates Huntington mailed a copy of the motion for default judgment, to appellants, on August 14, 2003. The trial court conducted a hearing on Huntington's motion on September 15, 2003. Based upon this evidence, we conclude the trial court did not abuse its discretion when it granted Huntington's motion for default judgment in Case No. 04-25.
 {¶ 16} Accordingly, the arguments set forth in Case Nos. 04-17, 04-24 and 04-25 are overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed.
Costs assessed to Appellants.
[1] On June 21, 2004, this Court consolidated these cases for purposes of appeal.